IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
APR 2 0 2007

MICHAEL N. MILBY, CLERK OF COURT

| | | |
|---|---|---|
| MICHELLE ADAMS | § | |
|  *Plaintiff* | § | |
|  | § | |
| vs. | § | Civil No. |
|  | § | A Jury Trial is Requested |
| B & B RESTAURANTS, INC. | § | **H-07-1352** |
| WENDY'S INTERNATIONAL, INC. | § | |
|  *Defendant(s)* | § | |

## Plaintiff's Original Complaint

Michelle Adams, Plaintiff files his original complaint against B&B Restaurants and Wendy's International, Inc. and would respectfully show as follows:

I.

1. Plaintiff is a resident of the Southern District of Texas.

2. Defendant, B&B Restaurants Inc. ("B&B") is a corporation registered with the Office of the Texas Secretary of State to conduct business in the State of Texas. The summons and complaint may be served upon its registered agent, Mr. Robert P. Pratt, 700 Gemini Suite 201,

1

Houston, Texas 77373.

3. Defendant, Wendy's International is a corporation registered with the Office of the Texas Secretary of State to conduct business in the State of Texas. It may be served with process upon CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201.

4. There is federal question jurisdiction pursuant to 28 U.S.C. §1331. Plaintiff alleges the Defendant violated her civil rights afforded by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (1991 as amended) through racial discrimination and discrimination arising from arising from a racially hostile work environment.

5. The discriminatory acts alleged herein all occurred within the State of Texas and within the Southern District of Texas. Thus, venue is proper within the Southern District of Texas pursuant to 42 U.S.C. 2000e-5f(3). Moreover, both Defendants have extensive contacts with the Southern District of Texas and it conducts business within the Southern District of Texas. Therefore, venue is also proper pursuant to 28 U.S.C. §1391.

6. All conditions precedent have been satisfied. The Plaintiff has

exhausted all administrative remedies with the Equal Employment Opportunity Commission and a right to sue letter has been issued. This suit is timely filed.

## II.

1. Plaintiff, Michelle Adams, was lasted employed as a co- manager at a fast food restaurant nationally known as Wendy's. She worked at the Clear Lake Store located at 16500 El Camino Road, Houston, Texas 77062. Upon information and belief, the Defendants operate the restaurant jointly, and both Defendants are her employers. Bianca Sanchez was the general manager during the events alleged herein. Prior to the incident leading to Plaintiff's constructive discharge, there had been tension between the two. On several occasions, Sanchez acted discourteously towards her. No other employees were addressed in this fashion. Sanchez also insinuated to Plaintiff that she would not be working there much longer.

2. On or about November 11, 2006, Plaintiff reported to work. During the course of her shift, she noticed a change in the employee schedule,

particularly for the weekend shifts. Plaintiff was primarily responsible for its preparation.

3.  Plaintiff made an inquiry to the general manager about the schedule change. Without provocation, Sanchez fulminated the Plaintiff in a rather derisive fashion by extorting "she f_ckin' did it" and told her to the effect that she was the boss and she does whatever she wants to do. When Plaintiff protested over the manner she was being treated, the excoriations became worse. Sanchez screamed obscenities at her (i.e. F_ck you!), and said "Nigga, I will do whatever I want and say whatever I want and you aint gonna do sh_t about it!

4.  Although Plaintiff protested the racial slur, Sanchez repeated her slurs and remarks to the effect that she could call her whatever she wanted. Sanchez told Plaintiff to get out of the store and made terrorist threats to have her children inflict harm upon her. Sanchez called her supervisor, Chadi Sansal, Director of Operations and extorted him at least three times to him to get the "N_gger B_tch out of her store" in front of the Plaintiff. Plaintiff left the store in deep shock and humiliation.

5. Although the Defendants' employees provided "attenuated" versions of the incident, obtained, it is acknowledged that profanity and racial slur was used at least once.

6. Plaintiff had a subsequent conversation with the Director of Operations concerning the prior events, the slurs, and threats of bodily harm. Plaintiff explained the incident and matters that led to the incident. Plaintiff was offered to work at another location for a few days, however, she would be expected to return to the store under Sanchez' supervision. Additionally, Plaintiff's fear of Sanchez was flatly disregarded. The Defendants seemingly were brushing this conduct aside.

7. The Defendants clearly failed to undertake appropriate remedial measures to correct the racially hostile work environment that was created by Sanchez. The apparent investigation conducted by Sansal makes no mention of the racial slurs that was made directly to him by Sanchez. The only measure that was undertaken was a mere written warning, which made absolutely no mention of racial slurs that was admittedly used. Not only does this warning fall short of being an acceptable remedial measure,

such disciplinary action can be described as facetious as best.

8. Indeed, Sanchez' conduct has been tolerated by the Defendants in the past. Several months prior to the incident in question, another employee made complaints to B&B about Sanchez' verbal attacks consisting profanity and slurs. No action was taken in regards to this employees' complaint.

9. Plaintiff asserts she was constructively discharged due to the racially hostile environment and threats of bodily harm created and made by the store manager, along with the failure of any appropriate remedial measures.

### III.

1. Plaintiff asserts the Defendants discriminated against her and subjected her to an hostile work environment because she is an African American, thereby a member of a protected class cognizable under the Civil Rights Act of 1964 (1991 as amended), Plaintiff is entitled to all remedies provided by law..

2. Plaintiff has been endured loss of self-worth, emotional distress, humiliation, and mental anguish. Therefore, Plaintiff is entitled to

compensatory damages to be determined at trial.

3. Plaintiff is entitled to payment of lost wages, past and future, resulting from her constructive termination to be determined at trial.

4. Plaintiff is entitled to any and all out of pocket expenses resulting from the discrimination alleged herein that may be proven at trial.

5. Defendant's violations of the law can only be classified as willful. Plaintiff is entitled to exemplary damages to be determined at trial.

6. Plaintiff seeks an award of reasonable attorney's fees and costs, prejudgment and postjudgment interests on all damages awarded as applicable.

## IV.

1. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff prays that after a trial by jury, she receives all the relief requested in this complaint as well as all relief in law or equity to which she is justly entitled.

Respectfully submitted,

*/s/ Debra V. Jennings*

Debra V. Jennings
Attorney at Law
3401 Louisiana, Suite 110
Houston, Texas 77002
(713) 522-0363 Telephone
(713) 522-2380 Facsimile
TBN# 10631580
**ATTORNEY FOR PLAINTIFF**

compensatory damages to be determined at trial.

3. Plaintiff is entitled to payment of lost wages, past and future, resulting from her constructive termination to be determined at trial.

4. Plaintiff is entitled to any and all out of pocket expenses resulting from the discrimination alleged herein that may be proven at trial.

5. Defendant's violations of the law can only be classified as willful. Plaintiff is entitled to exemplary damages to be determined at trial.

6. Plaintiff seeks an award of reasonable attorney's fees and costs, prejudgment and postjudgment interests on all damages awarded as applicable.

IV.

1. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff prays that after a trial by jury, she receives all the relief requested in this complaint as well as all relief in law or equity to which she is justly entitled.

Respectfully submitted,

*[signature]*

Debra V. Jennings
Attorney at Law
3401 Louisiana, Suite 110
Houston, Texas 77002
(713) 522-0363 Telephone
(713) 522-2380 Facsimile
TBN# 10631580
**ATTORNEY FOR PLAINTIFF**

8